IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

FELICIA HALE,

   Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

   Defendant.

Case No. 2:19-cv-00989

## COMPLAINT

NOW COMES Plaintiff, FELICIA HALE, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, CONVERGENT OUTSOURCING, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. FELICIA HALE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cudahy, Wisconsin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CONVERGENT OUTSOURCING, INC. ("Defendant") is a foreign corporation with its principal place of business in Renton, Washington.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. Plaintiff obtained mobile telecommunication services through T-Mobile.

12. Plaintiff terminated three lines.

13. In or before May 2018, T-Mobile enlisted Defendant to collect Plaintiff's $149.13 balance.

14. Plaintiff's $149.13 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. On May 8, 2019, Plaintiff received notice stating:

This notice is being sent to you by a collection agency. The records of T-Mobile USA show that your balance of $149.13 is due in full for mobile phone service. If payment is receive prior to your account being written off, we may be able to offer you the option of re-connecting your mobile phone service at no additional cost.

16. In response, on May 28, 2019, Plaintiff called Defendant.

17. Defendant offered to resolve Plaintiff's ***$159.31*** balance, not $149.13.

18. Feeling as if she had no choice, Plaintiff agreed to four biweekly payments of $39.83.

19. Defendant withdrew Plaintiff's initial $39.83 payment on May 28, 2019.

20. Defendant failed to withdraw Plaintiff's second $39.83 payment on June 11, 2019.

21. Subsequently, Plaintiff received "revised last bill" from T-Mobile.

22. This bill made reference to Plaintiff's last bill of $159.31.

23. This bill also made reference to Plaintiff's May 28, 2019 payment of $39.83.

24. This time, however, T-Mobile included $1,002.93 in equipment charges.

25. On June 23, 2019, Defendant attempted to withdraw $1,058.77 from Plaintiff's bank account *without* Plaintiff's consent.

26. On June 29, 2019, Defendant attempted to withdraw $1,058.77 from Plaintiff's bank account *without* Plaintiff's consent.

27. Both attempts were declined.

28. Defendant's unlawful collection practices have resulted in anxiety, invasion of privacy, and mistrust.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

30. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

        (A) the character, amount, or legal status of any debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(2) and e(10)

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) by providing conflicting amounts of debt orally as well as in writing.

32. Defendant's varying amounts left Plaintiff unsure of Plaintiff's true balance owed T-Mobile.

### Violation(s) of 15 U.S.C. § 1692f

33. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

34. Defendant violated 15 U.S.C. § 1692f by attempting to withdraw $1,058.77 from Plaintiff's bank account on June 23, 2019 as well as June 29, 2019 *without* Plaintiff's consent.

35. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 11, 2019                                        Respectfully submitted,

**FELICIA HALE**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

5